UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH CASSOUTT,

　　Plaintiff,

v.                                                                Case No. 3:18-cv-843-J-32PDB

COMCAST CABLE
COMMUNICATIONS, LLC, and
COMPLETE RECOVERY CORPORATION,

　　Defendants.



## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Joseph Cassoutt sues Defendants Comcast Cable Communications, LLC ("Comcast") and Complete Recovery Corporation ("Complete Recovery") and states as follows:

### Introduction

1. This is an action alleging Defendants have violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2. The TCPA was enacted to prevent companies like Defendants from invading American citizens' privacy and to prevent abusive "robocalls."

3. The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the

wall.' 137 Cong. Rec. 30,821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1256 (11th Cir. 2014).

5. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one consumer complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015).

6. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: Preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller*, 845 F.3d 303, 305-06 (7th Cir. 2017).

## Jurisdiction, Venue and Parties

7. This Court has original jurisdiction over Plaintiff's claims arising under the TCPA and the FDCPA pursuant to 28 U.S.C. § 1331.

8. This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as the state law claim arises out of a common nucleus of operative fact, and forms part of the same case or controversy.

9. Personal jurisdiction exists over Defendants as they have the necessary minimum contacts with the State of Florida, this suit arises out of Defendants' specific conduct with Plaintiff in Florida, and Plaintiff was injured in Florida.

10. Venue is appropriate in the United States District Court for the Middle District of Florida, Jacksonville Division, pursuant to 28 U.S.C. § 1391, as the events giving rise to Plaintiff's claims occurred in Clay County, Florida.

11. Defendant Comcast Cable Communications, LLC is a limited liability company organized in Delaware, with its principal place of business located at 1701 John F. Kennedy Blvd., Philadelphia, Pennsylvania 19013. Defendant conducts business in the State of Florida through its registered agent, C T Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324.

12. Defendant Complete Recovery Corporation is a corporation organized in Utah, with its principal place of business located at 5184 West Wiley Post Way, Suite 200, Salt Lake City, Utah 84116.

13. Defendants are each a "debt collector" as defined in 15 U.S.C. § 1692(a)(6) and Florida Statute § 559.55(7).

14. Defendants are each a "creditor" as defined in Fla. Stat. § 559.55(5).

15. Plaintiff is a natural person, and citizen of the State of Florida, residing in Clay County, Florida

16. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692(a)(3) and Florida Statute § 559.55(8).

17. Plaintiff is an "alleged debtor."

18. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F.3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

19. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by 15 U.S.C. § 1692(a)(5) and Florida Statute § 559.55(6).

## General Allegations

20. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (904) \*\*\*-6713, and was the called party and recipient of Defendants' calls.

21. Upon receipt of the calls from Defendant Comcast, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: (904) 204-8177; (904) 204-8808; (904) 204-8147; (904) 758-0879; (954) 573-6936; (866) 389-1499; and (800) 266-2278.

22. Upon receipt of the calls from Defendant Complete Recovery, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following telephone numbers: (904) 204-3961 and (904) 204-4526.

23. Defendants called Plaintiff on Plaintiff's cellular telephone more than 60 times in an attempt to collect a debt.

24. Defendants attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

25. Upon information and belief, some or all of the calls the Defendants made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C. § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff hears a pause before he is connected to a live agent.

26. On several occasions since Defendants' campaign of phone calls began, Plaintiff instructed Defendants' agents to stop calling his cellular telephone.

27. In or around mid-April 2018, Plaintiff spoke to Defendants' agent/representative, told the agent there was no need to call him, and demanded they cease calling his cellular telephone number saying, "Please stop calling me. I will take care of the situation when I can." But Defendants continued to call Plaintiff's cellular phone.

28. Each subsequent call Defendants made to Plaintiff's aforementioned cellular telephone number was knowing and willful and made without the "express consent" of Plaintiff.

29. On two additional occasions in April 2018, Plaintiff spoke with Defendants' agents and asked that they stop calling him, but the calls continued.

30. Despite Plaintiff clearly and unequivocally revoking any consent Defendants may have believed they had to call Plaintiff on his cellular telephone, Defendants continued to place automated calls to Plaintiff.

31. Plaintiff's conversations with Defendants' agents/representatives over the telephone, wherein he demanded cessation of calls, were in vain as Defendants continued to bombard him with automated calls unabated.

32. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times during one day, and on back to back days, with such frequency as can be reasonably expected to harass.

33. Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to call individuals just as they did to Plaintiff's cellular telephone in this case.

34. Defendants have a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as they did to call Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or Defendants, to remove the number.

35. Defendants' corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to Defendants they wish for the calls to stop.

36. Defendants have other federal lawsuits against them alleging similar violations as stated in this Complaint.

37. Defendants have numerous complaints against them from consumers across the country asserting that Defendants' automatic telephone dialing system continues to call despite being requested to stop.

38. Defendants have had numerous complaints against them from consumers across the country asking to not be called; however, Defendants continue to call the consumers.

39. Defendants' corporate policy provided no means for Plaintiff to have his number removed from Defendants' call list.

40. Defendants have a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

41. Not a single call placed by Defendants to Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

42. Defendants willfully and/or knowingly violated the TCPA with respect to Plaintiff.

43. From each and every call Defendants placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered the injury of invasion of privacy and the intrusion upon his right of seclusion.

44. From each and every call Defendants placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered the injury of occupation of his cellular telephone line

and cellular telephone by unwelcome calls, making the telephone unavailable for legitimate callers or outgoing calls while the telephone was ringing from Defendants' calls.

45. From each and every call Defendants placed to Plaintiff's cellular telephone without express consent, Plaintiff suffered the injury of unnecessary expenditure of his time. For calls he answered, the time he spent on the call was unnecessary as he repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

46. Each and every call Defendants placed to Plaintiff's cellular telephone without express consent was an injury in the form of a nuisance and annoyance to Plaintiff. For calls that were answered, Plaintiff had to go to the unnecessary trouble of answering them. Even for unanswered calls, Plaintiff had to waste time to unlock the telephone and deal with missed call notifications and call logs that reflected the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

47. Each and every call Defendants placed to Plaintiff's cellular telephone without express consent resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

48. Each and every call Defendants placed to Plaintiff's cellular telephone without express consent where a voice message was left, occupied space in Plaintiff's telephone or network.

49. Each and every call Defendants placed to Plaintiff's cellular telephone without express consent resulted in the injury of a trespass to Plaintiff's chattel, namely his cellular telephone and his cellular telephone services.

50. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress and anxiety.

## COUNT I
### (Violation of the TCPA against Comcast)

51. Plaintiff restates and incorporates herein his allegations in paragraphs 1 through 50 as if fully set forth herein.

52. Defendant Comcast willfully violated the TCPA with respect to Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Comcast that he wished for the calls to stop.

53. Defendant Comcast repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Comcast for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
### (Violation of the FCCPA against Comcast)

54. Plaintiff restates and incorporates herein his allegations in paragraphs 1 through 50 as if fully set forth herein.

55. At all times relevant to this action Defendant Comcast was subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

56. Defendant Comcast has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

57. Defendant Comcast has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

58. Defendant Comcast's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Comcast for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT III
### (Violation of the TCPA against Complete Recovery)

59. Plaintiff restates and incorporates herein his allegations in paragraphs 1 through 50 as if fully set forth herein.

60. Defendant Complete Recovery willfully violated the TCPA with respect to Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that he wished for the calls to stop.

61. Defendant Complete Recovery repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C. § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Complete Recovery for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA against Complete Recovery)

62. Plaintiff restates and incorporates herein his allegations in paragraphs 1 through 50 as if fully set forth herein.

63. At all times relevant to this action Defendant Complete Recocvery was subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

64. Defendant Complete Recovery has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

65. Defendant Complete Recovery has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his family.

66. Defendant Complete Recovery's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Complete Recovery for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### (Violation of the FDCPA against Complete Recovery)

67. Plaintiff restates and incorporates herein his allegations in paragraphs 1 through 50 as if fully set forth herein.

68. At all times relevant to this action, Defendant Complete Recovery is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

69. Defendant Complete Recovery has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

70. Defendant Complete Recovery has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

71. Defendant Complete Recovery has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Complete Recovery for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Joshua R. Kersey*

Joshua R. Kersey
Florida Bar No.: 87578
MORGAN & MORGAN, PA
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, Florida 33602
Phone: (813) 225-6734
Fax:  (813) 222-2490
jkersey@forthepeople.com
jsherwood@forthepeople.com

Attorney for Plaintiff